# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| MILTON EARL BENNETT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 2:15-cv-01651-JRG-RSP |
| | § | |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, | § | |
| | § | |
| Defendant. | § | |

## **MEMORANDUM ORDER**

Currently before the Court is Petitioner's Motion for Award of §406b Attorney Fees (Dkt. No. 23). The Commissioner has filed a response declining to assert a position on the reasonableness of the fee but providing a helpful review of the applicable law.

Mr. Bennett, the petitioner in this proceeding, is a 53 year-old man who has been pursuing Social Security disability benefits administratively since 2007. He suffers from chronic low-back pain as a result of a fall in 2006, which caused him to be unable to continue his 12-year job as a corrections officer for the Texas Department of Corrections. Before that job he had worked as a school teacher. Following his initial application for disability benefits Petitioner attended three separate hearings before Administrative Law Judges, in 2008, 2009, and 2014, all of which resulted in denials. He also participated in multiple appeals to the Appeals Council, the last one before this case resulting in an August 2015 denial of benefits. This action was filed by Petitioner's current counsel in October 2015.

After filing the action timely (within 60 days of the Appeals Council denial), counsel caused it to be served with reasonable promptness. The Commissioner timely filed the administrative record (consisting of 585 pages) on March 18, 2016, and Petitioner filed her brief

1

one day late on May 10, 2016. Just before the Commissioner's brief was due, the Commissioner filed an unopposed motion to reverse the decision below and remand the case to the Commissioner for further proceedings. No reasons for the remand were provided in the motion, but the further proceedings eventually resulted in the award of benefits.

After the remand, Petitioner filed a motion for fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. §2412, which allows a prevailing party in litigation against the United States, including a petitioner for Social Security benefits, to recover his attorney's fees "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." *Id*. at §2412 (d)(1)(a). The Supreme Court has explained that "EAJA fees are determined not by a percent of the amount recovered, but by the 'time expended' and the attorney's 'hourly rate,'" which is currently capped at $196 per hour. *Gisbrecht v. Barnhart*, 535 U.S. 789, 794, 122 S.Ct. 1817, 152 L.Ed.2d 996 (2002). *See generally*, *Murkeldove v. Astrue*, 635 F.3d 784, 789 (5th Cir. 2011). The Commissioner did not oppose that request, and the Court awarded a total of $1,991.48 in fees for 9.1 hours of attorney time and 2.8 hours of paralegal services.

The motion currently before the Court is not under EAJA, but rather under 42 U.S.C. §406(b)(1)(A) which provides that a Social Security benefits claimant who receives a favorable judgment may be allowed "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." The Fifth Circuit, along with many others, had held that these fees, like EAJA fees, were to be determined by resort to the lodestar method (though not limited to the statutory fee rate in EAJA). *Brown v. Sullivan,* 917 F.2d 189 (5th Cir. 1990). The Supreme Court in *Gisbrecht*, *supra*, overturned those holdings. Justice Ginsburg wrote that the lodestar method was designed for the

"amount of fees properly shifted to the loser in the litigation." *Id*. at 1825. Congress considered engrafting the lodestar method into §406, but sought input from the Commissioner, who issued a report finding that, "although the contingency method was hardly flawless, the agency could 'identify no more effective means of ensuring claimant access to attorney representation.'" *Id*. at 1827. Nonetheless, Justice Ginsburg wrote for the Court that "§406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id*. at 1828.

In this case, the Commissioner has withheld $21,796.50 from Petitioner's past-due benefits, representing the 25% amount of the contingent fee agreement that Petitioner signed and filed at the beginning of his most recent administrative application. That is a large amount compared to the number of hours of attorney time devoted to the appeal. However, the Court considers a number of other factors. First, there was no delay by counsel that caused the past due benefits to be so large. All of the delays were due to denials by the Commissioner. Second, this was not a case where success was foreordained or easily achieved. The undersigned has reviewed hundreds of appeals of this nature and sees nothing in the record to mark this as an easy case for the appellant. Third, counsel for Petitioner is one of a very few lawyers who are willing to take these cases in this jurisdiction. Most of the cases do not result in success. To seriously reduce the fee in one of the few that succeeds would make finding counsel for these cases far more difficult, and would frustrate the Congressional intent in allowing the fees. Fourth, the fee is already capped at 25%, and is applied only to past due benefits. Petitioner, as a relatively young man, will receive benefits from this representation far exceeding the amount against which counsel's fee has been calculated. In the opinion of the undersigned, Petitioner would have been exceedingly unlikely to have obtained any benefits without counsel. Finally, the remand in this case did not come at an

early stage in the representation. Counsel had already performed almost all of the services that were contemplated by the contingent fee agreement. Thus, the Court does not see this case as presenting a windfall for counsel.

Accordingly, the Motion for Award of Attorney Fees is granted and the Commissioner is ordered to release to counsel for Petitioner the 25% withheld, less the amount of the EAJA award, which difference should be returned to Petitioner.

**SIGNED this 10th day of July, 2019.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE